# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIARRA HUNTSINGER and KRISTIN EVANS,<br><br>      Plaintiffs,<br><br>   V.<br><br>IDAHO STATE UNIVERSITY; LINDA J. ALEXANDER; DR. ROBERT J. FISHER, Department of Mathematics Chair; and DR. DAVID ROGERS, Associate Dean of the College of Science & Engineering at Idaho State University,<br><br>      Defendants. | Case No. 4:14-cv-00237-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## BACKGROUND

The Court held a telephone hearing on June 25, 2014, on Plaintiffs Kiarra Huntsinger and Kristin Evan's Motion for a Temporary Restraining Order and/or Preliminary Injunction (Dkt. 2). Plaintiffs alleged that Defendants Idaho State University, Linda J. Alexander, Dr. Robert J. Fisher, and Dr. David Rogers violated their due process rights by accusing both students of cheating and awarding them failing

grades before allowing them an opportunity to respond to the accusation of academic dishonesty. Plaintiffs asked the Court to "enjoin Defendants from continuing to irreparably harm Kiarra and Kristin's reputations by requiring Defendants to exonerate Kiarra and Kristin and to destroy all records about the alleged act of dishonesty." *Pls' Opening Br.* at 1-2, Dkt. 2-1.

The Court orally granted Plaintiffs' request for an injunction, finding that Plaintiffs were likely to succeed on their claim that the University did not provide them with the process they were due. The Court ordered the parties to meet and attempt to agree on an appeals procedure.

Thereafter, the University entered into a settlement agreement with Plaintiff Kiarra Huntsinger. Huntsinger and the University agreed that Huntsinger would be allowed to retake the final exam in exchange for the dismissal of her claims. Plaintiff Kristin Evans rejected a similar settlement offer, and Evans and the University are unable to agree on a proposed appeals procedure. So, at the Court's direction, both parties have both submitted a proposed procedure.

## ANALYSIS

The fourteenth amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S.Const. amend. XIV, § 1. Due process requires, at a minimum, that persons must be given a meaningful opportunity to be heard. *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971).

In this case, the Court finds that the accusations of cheating against Evans and the failing grade she received entitle her to more formal procedural protections than, say, a 10-day suspension would warrant. *See, e.g., Goss v. Lopez*, 419 U.S. 565, 581 (1975) (requiring effective notice and informal hearing permitting the student to give his version of the events before 10-day suspension). Although Evans was not suspended for any amount of time, a failing grade for misconduct is more akin to a longer suspension than a short 10-day suspension. The repercussions of a failing grade – especially based on accusations of cheating – could reverberate throughout the rest of Evan's academic and professional life. For this reason, more formal procedures were required in this case than the informal give-and-take required in *Goss* for a short 10-day suspension.

Having reviewed both parties' proposed processes with this standard in mind, the Court finds that the University's proposed process adequately protects Evan's due process rights. The process the University proposes gives Evans the chance to present evidence at a formal hearing, to be represented by legal counsel, to receive a clear written decision, to appeal to an impartial board, and to be formally exonerated if such a determination is made. Such a process would afford Evans the constitutional protections she is entitled to, and more. Evans' concerns about the impartiality of Defendant Linda Alexander and Defendant Dr. Robert Fisher are unfounded because neither Dr. Fisher nor Ms. Alexander will be decision makers during this process. If Evans would like the opportunity to retake the exam, she can enter into a settlement with the University. But the Court will not force the University to allow Evans to retake the exam so long as they afford her due process.

The Court will therefore adopt, with only minor modifications, the procedures proposed by the University as follows:

1. Evans, after having received a report from her instructor indicating that the instructor believes that there was evidence of academic dishonesty when Evans took her final examination in Math 1153-02: Introduction to Statistics final examination, and the instructor's recommendation that Evans receive an "F" grade for the course, has agreed to appeal her instructor's recommendation to Dean Richard Brey, Dean of the College of Science and Engineering at ISU.

2. Dean Brey shall set a date for a formal hearing to discuss the allegations, the evidence, and the recommended sanction. He shall moderate the hearing and keep a written record of it. The hearing shall include the instructor, Evans, legal counsel for Evans, and legal counsel for Defendants. Dean Brey shall be the final decision-maker at this stage of the appeal process.

3. If the formal hearing results in Evans being exonerated of all charges of academic dishonesty, Dean Brey shall prepare a letter or memorandum stating that Evans has been exonerated and requesting that all records about the alleged act of dishonesty be destroyed, other than Dean Brey's record of the hearing. Dean Brey shall send copies of the letter or memorandum to:

    a. the instructor,

    b. Evans,

    c. the chairperson of the department in which the instructor holds an appointment,

        d. the chairperson of the department in which Evans is a major,

        e. the dean of the college in which Evans is a major.

4. If Evans is not exonerated of all charges, and Dean Brey affirms the instructor's recommendation that Evans receive an "F" grade for the course, then Dean Brey shall send copies of the written record of the formal hearing to parties (1)-(5) above, along with his written decision. In his written decision, Dean Brey shall provide a statement of the allegations with sufficient clarity to enable Evans to prepare her defense. His written decision shall also provide the names of witnesses, and locations of statements, exhibits or evidence that might be introduced in the hearing with the right of inspection.

5. Evans may appeal Dean Brey's written decision to the Academic Dishonesty Board within five (5) days of receiving it. The Board shall consist of six voting members:

        a. a faculty member selected by the chairperson of the Academic Standards Council to serve as chair,

        b. the ASISU Vice President, who serves as vice chair,

        c. two members chosen by the Board chair from a pool of faculty members selected by the Academic Standards Council, and

        d. four members chosen by the Board vice chair from a pool of students selected by the ASISU Senate.

The chair of the Board shall then set a formal hearing, one that allows Evans sufficient time to prepare a defense and allows Board members sufficient time to review

all the materials held in the Office of Student Affairs, including any submitted by Evans, but no later than 30 days from receiving Evans' request for an appeal hearing.

All members of the Board must be present at the hearing. Evans has the right to appear in person with or without legal counsel to present her defense and to call witnesses on her behalf. Evans has the right to ask questions of any witnesses.

Evans has the right not to testify on her behalf and to refuse to answer questions. Evans has the right to be verbally notified of the Board's decision immediately and to receive a written notification of the decision within three working days after the hearing. This notification shall include written findings, decisions, and conclusions of the Board.

The Board's decision shall be implemented by the Provost and Vice President for Academic Affairs.

IT IS SO ORDERED.

DATED: October 15, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court