UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIARRA HUNTSINGER and KRISTIN EVANS, <br><br> Plaintiffs, <br><br> V. <br><br> IDAHO STATE UNIVERSITY; LINDA J. ALEXANDER; DR. ROBERT J. FISHER, Department of Mathematics Chair; and DR. DAVID ROGERS, Associate Dean of the College of Science & Engineering at Idaho State University, <br><br> Defendants. | Case No. 4:14-cv-00237-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendants Idaho State University, Linda J. Alexander, Dr. Robert J. Fisher, and Dr. David Rogers's Motion to Dismiss (Dkt. 11). For the reasons set forth below, the Court will grant the motion in part and deny it in part. Specifically, the Court will dismiss Idaho State University as a defendant, but will allow the claims

against the individual defendants to survive in both their official and individual capacities.

## BACKGROUND

Plaintiff Kristin Evans[1] alleges that Defendants Idaho State University, Linda J. Alexander, Dr. Robert J. Fisher, and Dr. David Rogers violated her due process rights by giving her a failing grade and labeling her a "cheater" before allowing her to properly respond to an accusation of academic dishonesty. At the time of her filing the complaint, Evans also filed a motion for a preliminary injunction. In a decision granting Evans' motion for a preliminary injunction, the Court held that Evans was likely to succeed on the merits of her due process claim, and she would suffer irreparable harm if an injunction did not issue. Specifically, the Court found that: (1) Evans had a property interest in her credits and course work at the University, as well as a liberty interest in maintaining her good name, reputation, honor and integrity; (2) such interests could not be deprived without due process; and (3) Defendants failed to provide her with the process she was due when they gave her a failing grade in Math 1153-02; Introduction to Statistics (21851) (a required course) without following the University's own policies and procedures. *Temporary Restraining Order*, p. 2, Dkt. 30

To temporarily remedy the alleged due process violation, the Court ordered Defendants to (1) exonerate Evans of all charges of academic dishonesty and restore her

---

[1] Plaintiff Kiarra Huntsinger settled with Defendants, and she has been dismissed from the lawsuit.

academic record to reflect the grade she held in the Math class before she took the final exam, (2) remove all record of academic dishonesty from her file, and (3) refrain from taking any punitive action against her based on the cheating allegations unless, after providing adequate due process, the University deemed such punitive action to be necessary. *Id.*

In addition, the Court directed the parties to provide the Court with a process that would protect Evans' due process rights. After some wrangling between the parties about this process, the Court eventually adopted the process proposed by Defendants. *Memorandum Decision and Order dated October 15, 2014*, p. 3, Dkt. 31. The process adopted by the Court entitles Evans to appeal her Math instructor's recommendation that Evans receive a failing grade for cheating on her final exam to Dean Richard Brey, Dean of the College of Science and Engineering at ISU. *Id.* at 4. At the appeal hearing, Evans is allowed to have legal counsel present. *Id.* If Evans is not exonerated at the hearing, she may appeal Dean Brey's written decision to the Academic Dishonesty Board, which shall consist of six voting members. At this hearing, Evans is allowed to have counsel present, call witnesses, and question any witness. *Id.* at 6.

The litigation thus far has been focused on providing Evans adequate due process. But Defendants have also filed a motion to dismiss for lack of jurisdiction, which is now pending before the Court. Defendants argue that the Complaint should be dismissed because (1) Evans failed to properly serve the Defendants, (2) Evans failed to exhaust her administrative remedies, and (3) Evans' claims against Defendants are barred by the Eleventh Amendment.

**ANALYSIS**

**1.     Inadequate Service**

Defendants concede that Evans cured improper service by serving the Office of the Attorney General on June 19, 2014, so that issue is moot.

**2. Failure to Exhaust Administrative Remedies**

Defendants argue that Evans failed to exhaust her administrative remedies, and therefore her claim should be dismissed. But the very nature of a due process claim implies that exhaustion would be futile – Evans brought this lawsuit because her administrative remedies allegedly failed her.

That said, this issue is moot. If the Court were to dismiss this lawsuit and order Evans to exhaust her administrative remedies, Evans would have to appeal the University's adverse decision to the dean of Evan's college, who is Dean Brey. The injunctive relief that the Court has ordered provides that Evans be granted a formal hearing before Dean Brey. *Memorandum Decision and Order dated October 15, 2014*, at 5, Dkt. 31. She may then appeal Dean Brey's decision to the Academic Dishonesty Board. *Id.* In other words, the Court has ordered Evans to exhaust her administrative remedies with a key difference being that her academic record reflects the grade she held in the Math class before taking the final exam. It would therefore accomplish little to dismiss the lawsuit and require Evans to do what she is presumably already doing.

**3. Eleventh Amendment Immunity**

Evans concedes that her claims against the University, as official arm of the state, are barred by the Eleventh Amendment. Her claims against the University are therefore

dismissed. The Court, however, finds that Evans's claims against the University professors and officials are based on an ongoing violation of her federal rights, and are therefore not banned by the Eleventh Amendment.

Claims under § 1983 are limited by the scope of the Eleventh Amendment. "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not "persons" under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70 (1989). And a suit against a state official in his official capacity is no different from a suit against the state itself. *Id.* at 71. In other words, state officials sued in their official capacities are not "persons" within the meaning of § 1983.

However, there is one exception to this general rule: When sued for prospective injunctive relief, a state official in his official capacity is considered a "person" for § 1983 purposes. Id. at 71. In what has become known as part of the *Ex parte Young* doctrine, a suit for prospective injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity. *Ex parte Young*, 209 U.S. 123 (1908).

Here, the relief Evans seeks is prospective. She asks the Court to order Defendants to afford her due process before deciding whether she should receive a failing grade based on allegations of cheating. In addition, she seeks the reinstatement of her academic record, without any compensation, to the point it was before Defendants allegedly violated her constitutional rights. The goal of injunctive relief requiring Defendants to afford Evans due process and to reinstate her academic record is not compensatory; rather it is to compel the state officials to cease their actions in violations of federal law and to comply with constitutional requirements. *Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d

836, 839 (9th Cir. 1997). Reinstatement of Evan's academic record simply prevents the ongoing and prospective violation of her rights. "Thus, while reinstatement would relate to the past violation, it would not amount to relief *solely for the past violation." Id.* at 841 (emphasis in original).

Accordingly, the Court will allow the claims against the University officials to proceed against them in both their official and individual capacities.

## ORDER

**IT IS ORDERED that** Defendants Idaho State University, Linda J. Alexander, Dr. Robert J. Fisher, and Dr. David Rogers's Motion to Dismiss (Dkt. 11) is **GRANTED in part and DENIED in part**. As stated this decision, the Court will dismiss Idaho State University as a defendant, but will allow the claims against the individual defendants to survive in both their official and individual capacities.

DATED: December 15, 2014

B. Lynn Winmill
Chief Judge
United States District Court