UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIARRA HUNTSINGER and KRISTIN EVANS,<br><br>                        Plaintiffs,<br><br>vs.<br><br>IDAHO STATE UNIVERSITY; LINDA J. ALEXANDER; DR. ROBERT J. FISHER, Department of Mathematics Chair; and DR. DAVID ROGERS, Associate Dean of the College of Science & Engineering at Idaho State University,<br><br>                        Defendants. | Case No.: 14-cv-00237-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Plaintiff Kristin Evans' Petition for Award of Attorney's Fees (Dkt. 39) and Defendants' Motion to Strike (Dkt. 42). The motions are fully briefed and at issue. The Court has determined that oral arguments will not significantly assist the decisional process and will therefore consider the matters without a hearing. For the reasons explained below, Plaintiff's Petition for Attorneys' Fees will be granted to the extent that the Court will award $33,677.84 in attorney's fees. Defendants' Motion to Strike will be denied.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Plaintiff Kristin Evans initially brought this claim with a co-plaintiff, Kiarra Huntsinger, after both were accused of academic dishonesty at Idaho State University (ISU). Plaintiffs claimed that defendants violated their Fourteenth Amendment due process rights, as well as their due process rights under the Idaho Constitution. This Court held a telephonic hearing on June 25, 2014, and granted Plaintiffs' motion for a temporary restraining order (TRO). (Dkt. 15). However, before the final TRO was issued in August 7 2014, *see* Dkt. 30, Ms. Huntsinger reached an agreement with ISU and both parties stipulated to her dismissal from this action on in July 2014. *Stipulation* (Dkt. 16). Ms. Huntsinger and ISU agreed that Huntsinger would be allowed to retake the final exam in exchange for the dismissal of her claims, with each party to bear its own costs and attorney fees. *Id.* ¶ 6.

Plaintiff Evans rejected a similar settlement offer and continued with this suit. As directed by the TRO, the parties attempted to agree on and implement an adequate appeals process in accordance with Plaintiff's due process rights. This Court adopted the process proposed by Defendants, and Plaintiff was eventually able to retake her exam. *Memorandum Decision and Order* at 3 (Dkt. 31). Subsequently, both parties stipulated to dismissal of Plaintiff's claims as moot aside from the issue of attorneys' fees. *Stipulation for Dismissal* at 1 (Dkt. 37). Plaintiff now seeks $34,009.24 in attorneys' fees pursuant to 42 U.S.C. § 1988. (Dkt. 39).

ANALYSIS

**1.     Plaintiff's Entitlement to Fees**

Prevailing parties in federal civil rights claims may be awarded reasonable attorneys' fees under 42 U.S.C. § 1988(b). The Supreme Court has explained that "[a] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). The legal relationship between the parties is altered when a party obtains an enforceable judgment or achieves "comparable relief" through a consent decree, settlement, or preliminary injunction. *Id.*; *Watson v. County of Riverside*, 300 F.3d 1092, 1095 (9th Cir. 2002) (citing *Williams v. Alioto*, 624 F.2d 845, 847 (9th Cir. 1980)) (where a preliminary injunction altered the legal relationship between parties when Defendant was not permitted to introduce a report at Plaintiff's termination hearing).

Plaintiff prevailed here. Plaintiff obtained relief on the merits of her claims when this Court issued the Temporary Restraining Order,[1] which caused the Defendants to alter their behavior to directly benefit Plaintiff.[2]  Thus, the Court's Order materially altered the

---

[1] This Court found that Plaintiffs (1) possessed a property interest in their credits and course work, (2) possessed a liberty interest in maintaining their reputation, (3) showed that they were likely to succeed on their claim, and (4) met their burden of establishing that they were likely to suffer irreparable harm in the absence of the preliminary relief. (Dkt. 30).

[2] Defendants were ordered to restore Plaintiffs' academic records to reflect the grade they held immediately prior to the administration of the final exam, to instruct the Registrar to remove all records about the alleged dishonest conduct from each of the Plaintiffs' files, and to refrain from taking any punitive actions against Plaintiffs. (Dkt. 30).

legal relationship between the parties, and Plaintiff is entitled to a fee award under § 1988(b).

## 2.     Reasonableness of Claimed Fees

After establishing that a Plaintiff is entitled to attorneys' fees, the Court must calculate a reasonable fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Generally, the "lodestar figure," which multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate, determines the amount of the award. *Id.* "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996).

However, the Court can adjust the lodestar figure based upon the factors set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975), *cert. denied,* 425. U.S. 951 (1976)[3], that have not been subsumed in the lodestar calculation. *Morales*, 96 F.3d at 363-64. Additionally, in civil rights litigation, "the degree of the plaintiff's overall success goes to the reasonableness" of a fee award." *Farrar v. Hobby,* 506 U.S. 103 (1992) (citing *Texas State Teachers Assn. v. Garland Independent School Dist.,* 489 U.S. 782, 793 (1989). If a plaintiff has achieved only partial or limited success, "the product of

---

[3] The *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the processional relationship with the client, and (12) awards in similar cases. *Kerr*, 526 F.2d at 70. Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996).

**MEMORANDUM DECISION AND ORDER - 4**

hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley,* 461 U.S. at 436.

### A. Hourly Rate

To determine whether an hourly rate is reasonable, the district court looks to hourly rates prevailing in the relevant legal community for similar work performed by attorneys of comparable skill, experience, and reputation. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam).

Here, the relevant legal community is Pocatello, Idaho. Plaintiff agreed to pay Mr. Rammell's regular hourly rate of $250/hour, his associate at $125/hour, and his paralegal at $75/hour for representation and services in the case. *Pl. Aff. in Supp. of Petition for Fees* ¶ 2 (Dkt. 39-2). Defendants have not objected to these hourly rates, and Mr. Rammell's affidavit explains his experience in general and experience with constitutional claims specifically. (*Id.*) Based on these considerations and the Court's own experience, Plaintiff's counsel's hourly fees are reasonable.

### B. Hours Reasonably Expended

Under § 1988, prevailing parties may only be compensated for those hours of work that were "reasonably expended." *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The moving party bears the burden of establishing the hours claimed and must carry this burden by submitting adequate documentation of those hours. *Id.* at 437. Plaintiff has claimed the following fees:

**MEMORANDUM DECISION AND ORDER - 5**

| Name | Position | Hourly Rate | No. of Hours | Fees |
|---|---|---|---|---|
| Bron Rammell | Partner | $250.00 | 93.7 | $23,175.00 |
| Nathan Palmer | Associate | $125.00 | 82.5 | $9,937.50 |
| Peter Wells | Partner | $175.00 | .8 | $140.00 |

Total claimed attorney's fees amount to $33,252.50 and total expenses are listed as $756.74 for a total claimed amount of $34,009.24. Plaintiff Evans agrees, however, that $331.40 of this amount should be disallowed because it represents co-plaintiff Huntsinger's 50 percent share of the costs for filing fees and service of process. *See Reply Br.* at 7 (Dkt. 41). After deducting this amount, there remains $33,677.84 in claimed fees.

Defendants object to the number of hours claimed by Plaintiffs' attorneys on several grounds. First, Defendants argue that the amount claimed should be reduced by half to account for the work done for the benefit of both Ms. Huntsinger and Plaintiff Evans. The Court is not persuaded by this argument. Because the work done independently for Ms. Huntsinger has been excluded from Plaintiff's Petition and supporting Affidavit, *Affidavit of Bron Rammell* at ¶9 (Dkt. 39-2), costs and fees incurred by Plaintiff Evans are no different than if she had been the only plaintiff from the outset.

Second, Defendants argue that Plaintiff is not entitled to a fee award because she has not shown that following ISU's appeals process, rather than filing suit, would have resulted in a different outcome, or that following that process "would have been futile."

**MEMORANDUM DECISION AND ORDER - 6**

The Court has already addressed this argument, and noted that "the very nature of a due process claim implies that [exhausting administrative remedies] would be futile." *See Memorandum Decision and Order* at 4 (Dkt. 33). Again, the Court is not persuaded. Plaintiff sued because administrative remedies allegedly failed her, so the hours expended by her attorneys to remedy the situation were reasonable.

Third, Defendants contend that the TRO issued by this court was unnecessary because Plaintiff could have retaken the exam in July. However, the TRO issued by this Court not only enabled her to retake the exam; it also required ISU to change her academic record to reflect her grade in the Math class prior to the final exam until the appeals process was completed. *See Order* at 4 (Dkt. 33), *Temporary Restraining Order* at 3 (Dkt. 30). Additionally, if Plaintiff had agreed to the same terms that Ms. Huntsinger did in July, she would have been precluded from recovering any attorneys' fees, even though she was the prevailing party at that time. *Stipulation* ¶ 6 (Dkt. 16).

Fourth, Defendants argue that the claimed award is excessive given Plaintiff's "limited success." This Court disagrees with this characterization. Plaintiff did not achieve "partial" or "limited" success; she accomplished the central object of her lawsuit when she obtained the TRO issued by this Court. Because her success was complete, rather than limited, the two part test from *Hensley v. Eckerhart*, 462 U.S. 424, 434 (1983) proffered by Defendants is not appropriate. However, if this Court were to apply that test, it would reach the same result; Plaintiff did not fail to succeed on claims unrelated to her successful claim, and she obtained a "level of success that makes the hours reasonably

**MEMORANDUM DECISION AND ORDER - 7**

expended a satisfactory basis for making a fee award." *Id.*

Finally, Defendants argue that the hours Plaintiff's counsel expended are unreasonable because Defendants did not spend as many hours on the suit and because hours were duplicated by Mr. Rammell and Mr. Palmer. The fact that Plaintiff's counsel spent more time on this matter than defense counsel is not persuasive; Plaintiff was the prevailing party, and her attorneys' billing records are detailed and thorough. Further, because Defendants do not point to any specific hours that were duplicative, the Court will defer to Plaintiff's counsel's judgment. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case . . . .").

Because Plaintiff's counsel expended a reasonable number of hours at a reasonable hourly rate, the adjusted lodestar figure of $33,677.84 is reasonable. For the foregoing reasons, Plaintiff's Petition for Attorneys' Fees is granted. After adjusting the claimed fee to account for co-plaintiff Huntsinger's share of the filing and service costs, Plaintiff Evans is entitled to $33,677.84 in fees and costs.

3.     **Motion to Strike or Allow Supplemental Affidavits**

Finally, the Court will resolve defendants' motion to strike plaintiff's reply brief under Federal Rule of Civil Procedure 12(f).

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions are "generally regarded with disfavor," *Neilson v. Union Bank of Cal.*, 290 F.

Supp. 2d 1101, 1152 (C.D. Cal. 2003), and the Court has broad discretion in disposing of motions to strike. *Fantasy, Inc., v. Fogerty*, 982 F.2d 1524, 1528 (9th Cir. 1993) (*rev'd on other grounds*, 510 U.S. 517 (1994)).

Defendants say that Plaintiff's reply brief contains "scandalous information which is immaterial to the fee request." *Defendants' Motion to Strike* at 2 (Dkt. 42-1). Scandalous material includes that which casts a "cruelly derogatory light" on a party or persons. *Righthaven LLC v. Democratic Underground, LLC.*, 791 F. Supp.2d 968, 977 (D. Nev. 2011). Matter is "immaterial" if it has no bearing on the controversy before the court. *In re 2TheMart.com, Inc. v. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (2000). However, "[i]f there is *any doubt* as to whether the allegations might be an issue in the action, courts will deny the motion." *Id.* (emphasis in original).

The problem with Defendants' motion is that relies solely on general, conclusory statements.  Defendants do not identify a single, specific item that is allegedly scandalous or immaterial.  Instead, they offer statements like this one:  "As the Reply misstates facts, it should be stricken as offering scandalous information which is immaterial to this fee request."  *Motion Memo* at 2 (Dkt. 42-1).  Such statements offer no real support for a Rule 12(f) motion, which the Court will therefore deny.

Defendants also do not justify their request to submit additional affidavits. Nevertheless, the Court read and considered these affidavits in ruling on Plaintiffs' request for fees and costs.

**MEMORANDUM DECISION AND ORDER - 9**

**ORDER**

**IT IS ORDERED THAT**

(1)     Plaintiff's Motion for Attorneys' Fees is **GRANTED in part** and **DENIED in part** as follows:  The motion is granted to the extent plaintiff Kristin Evans is awarded $33,677.84 in fees and costs.  The motion is **DENIED** to the extent Evans seeks any additional fees or costs.

(2)     Defendants' Motion to Strike, or in the alternative, to allow supplemental affidavits is **DENIED in part** and **DEEMED MOOT in part** as follows: Defendants' motion to strike the reply is **DENIED.**  Defendants' alternative request to submit additional affidavits is **DEEMED MOOT** as the Court read and reviewed those affidavits in reaching this decision.

DATED: January 28, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court